## Richmond

### KEARNEY P. GRACE v. C. C. PEYTON, SUPERINTENDENT OF THE VIRGINIA STATE PENITENTIARY.

January 16, 1967.

Record No. 6461.

Present, All the Justices.

*James Judson Fox* for the petitioner.

*Reno S. Harp, III, Assistant Attorney General (Robert Y. Button, Attorney General*, on brief), for the respondent.

SPRATLEY, J., delivered the opinion of the court.

Kearney P. Grace, a convict in the Virginia State Penitentiary, invoking the original jurisdiction of this Court, filed herein his *habeas*

*corpus* petition *pro se* on April 24, 1965. He alleged a long series of arrests, convictions, and sentences to terms in the penitentiary; that the records kept by C. C. Peyton, Superintendent of the Virginia State Penitentiary, the respondent, were "so confused that he (Grace) does not know for sure which sentence he is now serving;" that he is presently detained unlawfully by virtue of a sentence imposed on him by the Circuit Court of the City of Richmond on December 6, 1939, in that he was not represented by counsel upon his trial; that the expiration date of his several sentences should be computed in the order of their imposition; and prayed that the correct discharge date of his several sentences be determined.

Respondent answered, averring that petitioner was detained pursuant to a sentence imposed upon him in the Circuit Court of Scott County on August 3, 1932, and not pursuant to the sentence of which he complained; and that all his sentences had been computed in conformity with the statutes of Virginia. Filed as an exhibit therewith is a certificate of Stuart J. Melton, Director, Bureau of Records and Criminal Identification, Virginia State Penitentiary, showing the prison record of the petitioner.

The case came on to be heard on the pleadings, and on the records and exhibits of the State Penitentiary.

The evidence shows the convictions of, and sentences imposed upon, Grace in the following chronological order:

On August 3, 1932, he was sentenced by the Circuit Court of Scott County to serve a term of thirty years for murder in the first degree. He was received in the penitentiary on August 17, 1932, and assigned No. 28980.

On December 6, 1939, he was sentenced by the Circuit Court of the City of Richmond to serve a term of one year for escape. He subsequently escaped, and on October 14, 1942, was sentenced to serve one year for that offense.

On November 26, 1945, he was sentenced in the Circuit Court of Augusta County to serve one year for another escape.

On March 6, 1946, in the Circuit Court of Augusta County, he was sentenced to serve one year for grand larceny. On the same day and in the same court, he was sentenced to serve one year for housebreaking and larceny, which sentence was ordered to run concurrently with the next above sentence.

The above sentences were on February 14, 1947, commuted from thirty-three years to thirty-two years and seven months.

On October 8, 1947, Grace was paroled. He was arrested on October 31, 1954, for violation of parole, and returned to the penitentiary on December 3, 1954.

On November 15, 1956, his sentences were commuted to thirty-two years and five months. He was thereafter paroled a second time on March 4, 1957.

While out on this parole, he was tried and convicted in two courts. On February 4, 1958, he was sentenced by the Circuit Court of Washington County to serve two years, subject to a credit for the time spent in jail awaiting trial, from January 9, 1958 to February 4, 1958, for statutory burglary.

On February 6, 1958, he was convicted in the Corporation Court of the City of Bristol, and sentenced to serve one year on each of the two charges for statutory burglary, the sentences not to run concurrently.

After the convictions in Washington County and Bristol, he was returned to the penitentiary on February 25, 1958, and assigned Prison No. 72936.

The Washington County sentence, commencing on February 4, 1958, with credit for good time, and the time spent in jail, expired on May 9, 1959. The first one year sentence imposed in Bristol, with allowance for good time, expired on January 9, 1960. The second one year sentenced imposed in Bristol would have expired on September 9, 1960, had not Grace escaped on September 5, 1960, four days before that sentence would have expired. Grace was arrested on November 13, 1960, and returned to the penitentiary on December 7, 1960. Because of his escape, he lost two months and nineteen days good time allowance, and two months and eight days while on escape. Therefore, the expiration of his second one year Bristol sentence, instead of expiring on September 9, 1960, occurred on February 6, 1961.

On March 10, 1958, the 1957 parole of Grace, as Convict No. 28980, was revoked. After completion of the sentence expiring on February 6, 1961, he had eight years, four months and twenty-seven days "flat time" (actual time with good time allowance anticipated) left to serve, that is, six years, four months and twenty-seven days of the Scott County sentence imposed on August 3, 1932, and twenty-four months (good time anticipated) for the three escape sentences mentioned, two in the Richmond City Circuit Court and one in the Augusta County Circuit Court. Thus, the thirty-year

sentence will not expire until July 3, 1967; the Circuit Court of the City of Richmond sentence of December 6, 1939, on March 3, 1968; the second escape sentence of October 14, 1942, in the same Court, on November 3, 1968; and the one year sentence imposed on November 26, 1945, in Augusta County Circuit Court, on July 3, 1969.

In addition, Grace was convicted on June 25, 1958, in the Circuit Court of the City of Richmond, as a second offender, and sentenced to one year. This sentence was declared null and void on July 11, 1963. On March 15, 1961, Grace was sentenced to serve three years by the Circuit Court of the City of Richmond, for escape, one year of the term to be suspended during good behavior. Consequently, this sentence expires on November 3, 1970.

On July 11, 1963, petitioner was retried in the Circuit Court of the City of Richmond, as a second offender, and a sentence of one year was imposed, but suspended for good behavior.

In response to an inquiry from Grace concering the sentence of two years in the Circuit Court of Washington County, Stuart J. Melton, Director of the Bureau of Records, on November 20, 1964, informed Grace that upon his commitment to the penitentiary, the "order" of that court was not forwarded, and he was not aware that Grace had received the sentence until the "court order" was received on October 27, 1964; and that the "order" was then placed in the file of Grace and two years added to his total term of confinement.

Again, on February 10, 1965, in reply to further inquiry of Grace, Melton advised petitioner that: "(A)n additional commitment was forwarded to this office by the Circuit Court of Washington County showing that you received two (2) years on February 4, 1958 for Statutory Burglary. Since this order indicated that the Washington County sentence was imposed prior to the Bristol City sentences, you were required to complete the Washington County sentence first. Therefore, you completed the two (2) year sentence imposed in Washington County on May 9, 1959. Then, you began your Bristol City sentences which were completed February 6, 1961. You then began the time left to serve from parole."

The principal issue is whether upon the recomputation of the entire prison record of Grace, his sentence in Washington County was correctly inserted in the record to be served prior to completion of service of the sentence from Scott County.

Grace contends, since the penitentiary officials had no knowledge

of his conviction in Washington County until October 27, 1964, that when he was received in the penitentiary on February 25, 1958, he began service of the two one year convictions imposed upon him in Bristol; that with credit for good conduct, the first of those two sentences would have commenced on January 8, 1958, and expired on September 8, 1958; that service of the second Bristol sentence expired on May 9, 1959; that on May 9, 1959, he began serving the unexpired six years, four months and twenty-seven days of the Scott County sentence; that the last mentioned sentence would have expired on October 5, 1965, had he not escaped on September 5, 1960, while serving the second Bristol sentence; that because of this escape he lost accumulated good time of five months and nine days, to which must be added two months and eight days while he was out on escape; and that, consequently, he completed his thirty-year sentence on May 22, 1966.

Grace contends that at the expiration of the thirty-year sentence, he commenced to serve the December 6, 1939 sentence, and at the time of the institution of this proceeding, he was detained pursuant to that sentence. He attacks that sentence on the ground that he was not represented by counsel upon his trial. Thus, although he does not complain of the order in which the Bristol sentences were served, he would have the penitentiary officials disregard, or postpone service of the Washington County sentence.

In answer to the above contentions, it must be noted that Grace was out on his 1957 parole at the time of the commission of his offenses in Washington County and Bristol. His parole was not revoked until March 10, 1958, subsequent to his prior convictions on February 4 and 6, 1958. It is true the penitentiary authorities were not aware of his Washington County sentence until 1964, but Grace was. He was in custody, and had been held in custody from January 9, 1958, the date from which he claims his Bristol sentences started. He knew that the Washington County sentence was imposed prior to the Bristol sentence, and he also knew that he had been assigned a new prison number upon his return to the penitentiary.

Section 53-207, Code of 1950, reads as follows:

"The term of confinement in jail or in the penitentiary for the commission of a crime shall commence and be computed from the date of the final judgment, which, in case of an appeal, shall be that of the refusal of a writ of error or the affirmance of the judgment."

The statute does not provide that a sentence begins from the date

the prisoner is received in the penitentiary, nor from the date of his commitment thereto, nor from the date the commitment is received by the penitentiary officials. A sentence commences from the date of final judgment. The 1957 parole of Grace had not been revoked when he was received in the penitentiary on February 21, 1958, and consequently, he had already begun to serve the 1958 sentences, with credit for the time he had been held in jail awaiting his trial by the Circuit Court of Washington County.

It was the duty of the penitentiary officials to maintain and keep a record of the sentences of Grace and the dates of their expiration. The insertion of the Washington County sentence in the record was not contrary to § 53-207; but was in accordance with an administrative interpretation of the section. Grace did not commence to serve the time left from his 1957 parole until that parole was revoked on March 10, 1958, when he had already commenced service of the sentences imposed in February, 1958. *Peyton* v. *Williams*, 206 Va. 595, 600, 145 S. E. 2d 147. See also *Wilkinson* v. *Youell*, 180 Va. 321, 329, 23 S. E. 2d 356; *Hudson* v. *Youell*, 179 Va. 442, 450, 19 S. E. 2d 705.

"The time fixed for executing a sentence, or for the commencement of its execution is not one of its essential elements, and strictly speaking is not a part of the sentence at all. The essential portion of the sentence is the punishment, including the kind of punishment and the amount thereof without reference to the time when it shall be inflicted." *Wilborn* v. *Saunders*, 170 Va. 153, 160, 195 S. E. 723; *Hudson* v. *Youell*, *supra*, 179 Va. at 450.

Upon consideration of the foregoing, we conclude that Grace is now being detained pursuant to the sentence imposed upon him on August 3, 1932, a sentence not under attack here, which will expire on July 3, 1967. A writ of *habeas corpus* cannot be invoked to determine the validity of a sentence under which a prisoner is not being detained. *McDorman* v. *Smyth*, 187 Va. 522, 523, 47 S. E. 2d 441; *Smyth* v. *Holland*, 199 Va. 92, 96, 97 S. E. 2d 745; *Smyth* v. *Midgett*, 199 Va. 727, 730, 101 S. E. 2d 575.

The writ of habeas corpus is dismissed and the petitioner is remanded to the custody of the respondent.

*Dismissed.*