**Clyde Mason THACKER, Petitioner,**

**v.**

**C. C. PEYTON, Superintendent Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68-C-8-C.**

United States District Court
W. D. Virginia,
Charlottesville Division.

June 5, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Clyde Mason Thacker, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241 and is filed *in forma pauperis*. The case was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on January 18, 1968.

In this action petitioner seeks to set aside two concurrent five year sentences for housebreaking and a three year concurrent sentence for arson imposed by the Circuit Court of Albermarle County on June 23, 1952 which according to the penal records he has fully served.[1] This petition constitutes another angle of attack by petitioner on his lengthy record of sentences.[2] On May 20, 1968 petitioner obtained a ruling by

---

1. Petitioner completed service of these sentences on January 30, 1959. He has exhausted his state remedies because he cannot there attack a sentence under which he is not currently being detained. Grace v. Peyton, 207 Va. 688, 152 S.E. 2d 292 (1967).

2. Petitioner's penal record reveals that he has approximately sixty-seven felony convictions, mostly for breaking and entering, housebreaking, and larceny, with an aggregate sentence time of 60 years, 4 months and 16 days.

the Supreme Court of the United States that he could attack three consecutive five year sentences imposed in 1953 for housebreaking which he would not begin to serve until 1994,[3] and now he seeks to reverse his approach and attack three more sentences he has *fully served.*

The preliminary question before the court is whether petitioner may attack these sentences which he has fully served. Under the circumstances of this case we find that he may not. See Smith v. Virginia, number 9890 (May 11, 1965)[4] ; Mebane v. Peyton, 274 F. Supp. 843 (W.D.Va.1967).

█ █ Petitioner has a penal record which includes sixty-four other sentences with a total term of approximately fifty-five years, and it appears to us that there is no relief available to petitioner. It is true that the applicant's immediate release is not the only relief allowed under 28 U.S.C. § 2241.[5] However, we note that there is no relief whatsoever that we could fashion under the facts of this case. First of all petitioner is not entitled to his immediate release because he is still subject to numerous other sentences. Secondly, the invalidation of the challenged sentences would not entitle him to credit the time he served thereon against his current sentences. "There is no authority, in Virginia or elsewhere, permitting the application of time served under void commitments to current sentences imposed upon conviction of new and different crimes." *Smith,* supra. And see

Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966). Furthermore, there are no future sentences whose commencement of service would be advanced or eliminated by the invalidation of these sentences. Petitioner has not received any recidivist sentences and only one escape sentence.

█ In short there is no relief that we could grant petitioner even if we were to discover constitutional defects in his sentences. Tucker v. Peyton, supra is inapplicable even though the court there allowed petitioner to challenge a sentence he had fully served because it dealt with the invalidation of a conviction that supported a recidivist sentence which was preventing the petitioner's immediate release. In *Tucker* the court found that the petitioner would be entitled to his immediate release because the adjunct recidivist conviction would fall thus advancing commencement of service of two escape sentences which would have been fully served had there been no third conviction recidivist sentence. However, in this case there are no recidivist sentences which would fall with the invalidation of the subject sentences and no question of an immediate release or advancement of service.

It is, therefore, adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the writ denied.

The Clerk is directed to send a copy of this opinion and judgment to the respondent and to the petitioner.

---

3. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426.

4. Unreported opinion of United States Court of Appeals for Fourth Circuit.

5. In Peyton v. Rowe the Supreme Court said that the McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238 (1934)

"holding rested in part on the premise that physical discharge from custody is the only relief available in a habeas corpus proceeding. But the statute does not deny the federal courts power to fashion appropriate relief other than immediate release." 88 S.Ct. at 1556.