**Clyde Mason THACKER, Appellant,**

v.

**C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.**

**No. 12571.**

United States Court of Appeals
Fourth Circuit.

July 25, 1969.

No attorney for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Va., Richmond, Va., for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BUTZNER, Circuit Judges.

PER CURIAM:

Clyde Mason Thacker seeks a certificate of probable cause to appeal from an order of the district court (Dalton, J.) dismissing his petition for habeas corpus.

Thacker seeks to have invalidated two concurrent five-year sentences for housebreaking and a concurrent three-year sentence for arson imposed by the Circuit Court of Albemarle County on June 23, 1952. He began serving these sentences on July 29, 1955, after completing service of prior sentences, and they were fully served on January 30, 1959, at which time Thacker began service of other sentences imposed on June 26, 1952. On August 29, 1963 Thacker was paroled; at that time the sentences remaining to be served totaled somewhat less than twenty-seven years. His parole was revoked on December 23, 1964, after a new series of sentences, for felonies committed in the fall of 1964, was imposed in various courts. The time remaining to be served on the 1953, the 1956, and the other 1952 convictions was then rescheduled to be served at the expiration of the 1964 sentences.

The district court held that there was no relief available to Thacker, since a decision in his favor would entitle him neither to immediate release nor to advancement in sentence service. The court found Tucker v. Peyton, 357 F.2d 115 (4th Cir.1966), in which this court held that federal habeas corpus was available to challenge a fully served sentence which had delayed service of subsequent unchallenged sentences, inapplicable to Thacker's case, because *Tucker*

"dealt with the invalidation of a conviction that supported a recidivist sentence which was preventing the petitioner's immediate release. In *Tucker* the court found that the petitioner would be entitled to his immediate release because the adjunct recidivist conviction would fall thus advancing commencement of service of two escape sentences which would have been fully served had there been no third conviction recidivist sentence. However, in this case there are no recidivist sentences which would fall with the invalidation of the subject sentences and no question of immediate release or advancement of service."

However, the fact that the sentence under attack in *Tucker* was a recidivist sentence and here the sentence attacked is one imposed for a substantive conviction is not an acceptable basis for distinction. In *Tucker* it was not only the substantive sentence underlying the recidivist sentence which had fully expired; the recidivist sentence as well had been completely served.[1] Here, as in *Tucker*, the challenge sought to be made is to sentences fully served which are part of a continuous consecutive series of sentences and which are alleged to have delayed service of other and later sentences in the series.

Nor may *Tucker* be distinguished on the ground that the petitioner in that case was entitled to his immediate release if successful, whereas Thacker would not be entitled to immediate release if his claims have merit because of the length of his remaining sentences.

---

1. Tucker's petition was filed a few days before the expiration of the recidivist sentence. However, that sentence expired before any decision could be reached, and since at that time we were operating under the rule of Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960), overruled by Carafas v. LaValle, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), the case would have been moot had there not been other subsequent sentences whose duration was affected by the challenged recidivist sentence. Thus the fact that Tucker filed his petition before the expiration of the sentence under attack was in itself irrelevant to his standing to attack it, under then existing law.

The fact that the petitioner had a right to immediate release was not a critical premise of our decision in *Tucker*; if it had been, it would have been undermined by Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), which unequivocally held that immediate release is not the only basis for habeas corpus jurisdiction and that "appropriate relief other than immediate release" may be granted by the federal courts. The primary basis for our decision in *Tucker* was the principle that a state may not "justify postponement in service of a valid sentence on the basis of an earlier invalid one." 357 F.2d at 117. Under this principle if Thacker's 1952 sentences presently under attack result in a delay in service of his unchallenged sentences, he is entitled to be heard in a federal habeas corpus proceeding.

It is clear from the record that the 1952 sentences do cause such a delay. Although they result in no delay in service of the sentence Thacker is now serving, as that sentence was imposed and service begun on it in 1964, well after the expiration of the sentences under attack, the 1952 sentences do result in a delay in the date on which he is scheduled for release, lengthening his total obligation of consecutive sentence service. Because of the revocation of parole, the unserved portions of the 1952–1956 sentences were rescheduled to be served after the expiration of the 1964 sentences. These reimposed sentences totaled almost twenty-seven years, all but one year of which were imposed before Thacker began to serve the sentences he now challenges. If the five-year sentence of June 23, 1952 had not existed, Thacker would have begun to serve the next subsequent sentence on the date when he actually began service of the June 23 sentence, and the service dates of every other sentence then already imposed and remaining to be served would have been correspondingly advanced, leaving him with sentences totaling five years less than is now the case. The fact that Thacker's sentence service was interrupted by a period of parole is im-

material, as it does not alter the fact of the delay in sentence service. But for the existence of the 1952 sentence, his service obligation would have been five years less at the time he was paroled, sentences of five years less would have remained to be reimposed when his parole was revoked, and his scheduled release date would be five years (or approximately three and one-half years, actual time) earlier than it is now. Under the decision in Peyton v. Rowe, this is sufficient to constitute a present restraint for purposes of federal habeas corpus jurisdiction. To require Thacker to wait until 1986, when he will have completed service of the undelayed 1964 sentences and commenced service of the delayed 1952–1956 sentences, to challenge the sentences which are the cause of that delay would be directly contrary to both the language and spirit of Peyton v. Rowe, which specifically held that "a prisoner serving consecutive sentences is 'in custody' under any one of them for purposes of [Title 28 U.S.C.] § 2241(c) (3)." 391 U.S. 54, 67, 88 S.Ct. 1549, 1556. By a parity of reasoning, a delay in the service of a future sentence is, for purposes of federal habeas corpus, a present delay. Whether the delay is one which affects all of the petitioner's sentences equally, or only affects the service dates of future sentences, makes no difference in his total obligation of sentence service or in the effect on his ultimate date of release. In principle this case is indistinguishable from *Tucker*, and we hold that Thacker is entitled to be heard in the federal court.

■ However, we do not hold that Thacker has an immediate right to have his claims determined by a federal court. Thacker has not exhausted the state remedies which may be available to him. He sought habeas corpus in the Circuit Court of Albemarle County in 1967, but did not appeal the denial of habeas corpus to the Virginia Supreme Court of Appeals. At that time such an appeal would have been futile, as it was the law of Virginia that habeas corpus was unavailable except to contest a sentence cur-

rently being served. See Grace v. Peyton, 207 Va. 688, 152 S.E.2d 292 (1967); Peyton v. Williams, 206 Va. 595, 145 S. E.2d 147 (1965). For this reason we held in Rowe v. Peyton, 383 F.2d 709 (4th Cir.1967), that resort to the state courts was unnecessary where the petitioner sought to attack a sentence scheduled to be served in the future.

However, the law of Virginia has not stood still since January 1967 when *Grace* was decided. Both the legislature and the courts of Virginia have been quick to respond to enlargements in the scope of the federal remedy and to make similar adjustments in the scope of state relief. In April 1968 the General Assembly amended the habeas corpus statute to eliminate the requirement that the petitioner must have a right to immediate release, by permitting challenges to the validity of sentences scheduled to be served in the future or to suspend sentences. Va. Code Ann. § 8–596 (Supp.1968), amending Va. Code Ann. § 8–596 (1957). In June 1967 the Supreme Court of Appeals held in Peyton v. Christian, 208 Va. 105, 155 S.E.2d 335 (1967), that a prisoner who had obtained an adjudication of invalidity of a fully served 1944 sentence was entitled to have credit for the time served on that sentence since 1945 applied to his service of a longer 1945 sentence, and was, by application of that credit to his subsequent sentence, entitled to be released. *Christian* did not state explicitly that a prisoner has standing to contest the validity of a fully served sentence by habeas corpus where that sentence delayed service of a later sentence, but this is implied by the opinion. Also in point is Blair v. Peyton, No. 6821 (unreported order, October 10, 1967). Blair sought to have two eight-year sentences for armed robbery which had been fully served declared invalid and to have the time served on those sentences credited to later sentences which he did not contest. The lower court dismissed his petition on the ground that habeas corpus was not available to challenge an expired sentence. Blair's petition for writ of error assigned that ruling as error. The Supreme Court of Appeals awarded the writ, summarily reversed the lower court judgment, and ordered a plenary hearing, citing Peyton v. Christian.[2] It is true that in both the *Christian* and *Blair* cases the prisoners were entitled to immediate release from custody if their claims were upheld, and Thacker would not be entitled to be released if his claims have merit. However, as we noted above, the 1968 amendment to the Virginia habeas corpus statute eliminates immediate release as a prerequisite to habeas corpus relief. Therefore, we see no obstacle which would prevent a prisoner from bringing a state challenge to a fully served sentence if it detrimentally affects the length of his confinement.

A certificate of probable cause to appeal is granted. The order of the district court dismissing the petition for unavailability of any federal relief is vacated and the case is remanded. The district court is directed to retain jurisdiction of the petition but suspend further proceedings for a reasonable interval to permit Thacker to seek relief in the state courts. If relief is denied, or, contrary to our expectation, proves to be unavailable, the district court will proceed to a determination of the merits of the petition.

---

2. Subsequent to this order, the lower court ruled that Blair had not been denied due process at his trial. Blair sought and was awarded a writ of error; an appeal on the merits of his contentions is now pending. Blair v. Peyton, No. 7046.

We recognize that *Blair*, being an unreported order issued without opinion, is without substantial precedential value in itself. However, it appears to have some significance in light of the earlier decision in *Christian*.