## 𝕾taunton

ALBERT STANLEY MOORE v. C. C. PEYTON, SUPERINTENDENT
OF THE VIRGINIA STATE PENITENTIARY, ETC.

ALFRED FRANKLIN ANCARROW v. C. C. PEYTON, SUPERINTENDENT
OF THE VIRGINIA STATE PENITENTIARY, ETC.

ALFRED FRANKLIN ANCARROW v. JOHN S. GATHRIGHT, SUPERINTEN-
DENT OF THE BLAND CORRECTIONAL FARM, ETC.

September 4, 1970.

Record Nos. 7429, 7430 and 7431.

Present, All the Justices.

*G. Andrew Rea, Jr. (Wallerstein, Goode, Dobbins & Shuford,* on brief), for petitioners in Record Nos. 7429, 7430 and 7431.

*W. Luke Witt, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for respondents in Record Nos. 7429, 7430 and 7431.

Per Curiam.

The petitioners seek to determine the validity of sentences which they had fully served prior to the institution of these proceedings.

In *Smyth* v. *Midgett,* 199 Va. 727, 730, 101 S.E.2d 575, 578 (1958), we held: "A court does not have jurisdiction to determine the validity of a sentence under which the prisoner is not being detained. It follows that where a prisoner is being detained under a valid sen-

tence he is not entitled to credit for time served on a void sentence fully served before the proceeding for writ of *habeas corpus* is instituted . . . ."

Code § 8-596 was amended in 1968 to extend the jurisdiction of our courts in *habeas corpus* proceedings to permit a sentence to be challenged " . . . although the sentence imposed for such conviction . . . is to be served *subsequently* to the sentence currently being served by the petitioner." (Emphasis supplied)

While this amendment extends jurisdiction to permit a petitioner to challenge the validity of a sentence to be served *subsequently*, it does not extend jurisdiction to the courts of Virginia to permit a determination of the validity of a sentence fully served before the proceeding for a writ of *habeas corpus* is instituted.

*Peyton* v. *Christian,* 208 Va. 105, 155 S.E.2d 335 (1967), relied upon by the petitioners, is not applicable here as it presented an entirely different factual situation from the cases now before us. In *Christian* there had been a final judicial determination in another earlier proceeding that a sentence imposed on November 10, 1944, was void. The only question to be decided by the court was the date petitioner commenced to serve a valid sentence imposed on March 25, 1945. We determined this to be from March 25, 1945, the date of the final judgment, as is provided by Code § 53-207.

*Writs denied.*