432 F.2d 777
 Clifford H. DAVIS, Petitioner-Appellant,
v.
U. S. ATTORNEY GENERAL, Olin Blackwell, Warden, et al., Respondents-Appellees.
 No. 29882 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 1, 1970.
 Rehearing Denied October 23, 1970.
 
 Clifford H. Davis, pro se.
 John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondents-appellees.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a federal convict for a writ of mandamus directing appellee to recompute his jail time. We affirm.
 
 
 2
 On December 6, 1956, appellant was sentenced to consecutive terms of ten and two years by the District Court of Nebraska after pleading guilty to violations of 26 U.S.C. § 2553 and 18 U.S.C. § 2113(a) and (d).
 
 
 3
 Appellant served time in the Atlanta penitentiary, and then on May 24, 1968, while on mandatory release, appellant violated 18 U.S.C. § 2113 for which he was convicted and sentenced to fourteen years imprisonment by the District Court for the Northern District of Mississippi. Mandatory release on the prior sentences was not revoked.
 
 
 4
 On July 8, 1969, the District Court of Nebraska granted appellant's motion to vacate the Nebraska sentence pursuant to 28 U.S.C. § 2255. In July, 1969, appellant pleaded guilty to those same charges and was assessed sentences of ten years and two years, to run concurrently with the fourteen-year sentence he was then serving on the Mississippi conviction. He was given credit toward the 1969 Nebraska sentence for the 3,775 days he had previously served on the vacated sentence for the same offenses. Appellant now claims that the 3,775 days should also be credited toward the fourteen-year Mississippi sentence he is now serving because all sentences were made to run concurrently.
 
 
 5
 The basis of appellant's contention is that while serving time under an invalid sentence he managed to earn credit against a future unrelated sentence for a crime not yet perpetrated. We cannot accept such a proposition. An allowance for prison time previously served under a void commitment does not reduce sentences imposed as a result of new and different crimes. U. S. ex rel. Smith v. Rundle, 285 F.Supp. 965 (E.D.Pa.1968); Thacker v. Peyton, 289 F.Supp. 368 (W.D.Va.1968). The Mississippi sentence therefore remains undisturbed since it was incurred for the commission of an offense unrelated to the original crime and not even in existence when appellant earned the credit in the Atlanta penitentiary. Cf. Fitzgerald v. Sanford, 145 F.2d 228, 5 Cir., 1944, cert. den. 323 U.S. 806, 65 S.Ct. 311, 89 L.Ed. 643.
 
 The order of the court below is
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F. 2d 409, Part I