UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

GEORGE CLINTON ETHERIDGE,
         *Petitioner-Appellant,*

v.

COMMONWEALTH OF VIRGINIA,
         *Respondent-Appellee.*

No. 00-7230

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CA-99-1242-2)

Submitted: September 6, 2001

Decided: September 17, 2001

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

### COUNSEL

George Clinton Etheridge, Appellant Pro Se. Robert H. Anderson, III, Lisa Rae McKeel, OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

George Etheridge seeks to appeal an order of the district court dismissing his 28 U.S.C.A. § 2254 (West 1994 & Supp. 2001) petition attacking three Virginia convictions from the 1950's and 1960's that have been completely served. The district court dismissed the petition for failure to exhaust state remedies. We agree with Etheridge that he has no available state remedies to attack those convictions. In Virginia, there is no statutory or habeas corpus jurisdiction to review a sentence that was fully served before the proceeding for the writ is begun. *Moore v. Peyton*, 176 S.E.2d 427, 427 (Va. 1970); *see* Va. Code Ann. § 8.01-654 (Michie 2000).

But Etheridge cannot attack these expired convictions, which were later used in sentencing him under the Armed Career Criminal Act (ACCA), 18 U.S.C.A. § 924(e) (West 2000), through a habeas corpus proceeding in federal court. If Etheridge is solely attacking the prior convictions, then the habeas petition may be dismissed because he is not "in custody" pursuant to the state court judgment. 28 U.S.C.A. § 2254(a); *see Lackawanna County Dist. Attorney v. Coss*, ___ U.S. ___, ___, 69 U.S.L.W. 4285, 4286 (U.S. Apr. 25, 2001) (No. 99-1884). If Etheridge is attacking the prior state convictions because of their effect on his ACCA sentence, the state convictions are conclusively valid because they are not subject to attack in their own right. *Coss*, 69 U.S.L.W. at 4286.

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*