## CIRCUIT COURT OF THE CITY OF RICHMOND

James Haley

v.

Ronald Angelone

December 30, 2002

Case No. (Law) CL02-P-480

BY JUDGE WALTER W. STOUT, III

Upon mature consideration of the petition of James Haley for a Writ of *habeas corpus*, case number CL02-P-480, the Motion of the Respondent, the authorities cited therein, and a review of the record in the case of *Commonwealth v. James Haley*, (CR99-F-1425), all of which are made a part of the record in this matter, the Court finds that the Petitioner is not entitled to the relief sought.

### I. *Subject Matter Jurisdiction*

This Court finds that the Petition is properly within the jurisdiction of the Court, despite the claim of Respondent. Respondent asserts that the Court is without jurisdiction, citing to *Garlotte v. Fordice*, 515 U.S. 39 (1995); *Moore v. Peyton*, 211 Va. 119 (1970); and Virginia Code § 8.01-654. In *Garlotte*, the Supreme Court considered the in-custody requirement of federal law that parallels habeas in the context of consecutive sentences. The Court stated that, "*to petition a federal court* for habeas corpus relief from a state-court conviction, the applicant must be in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *see also* 28 U.S.C. § 2241(c)(3)." *Garlotte*, 515 U.S., at 40 (internal punctuation omitted) (emphasis added). The relevance of this case to the instant Petition, before a court of the Commonwealth of Virginia, is questionable.

In *Moore*, the Virginia Supreme Court considered the in-custody requirement of the Commonwealth's *habeas* statute. The Respondent claims

that *habeas* jurisdiction does not exist because the Petitioner has completely served his sentence, citing to *Moore*. The *Moore* decision held that the *habeas* statute in the Commonwealth does not, "permit a determination of the validity of a sentence fully served *before the proceeding for a writ of habeas corpus is instituted.*" *Moore*, 211 Va., at 120 (emphasis added). A cursory look at the face of the pleadings would reveal the Clerk's date stamp, establishing that the instant Petition was filed on February 22, 2002. The Respondent's own affidavit indicates that the Petitioner was released from custody on April 26, 2002. Response Attachment 1. The Petition was filed nearly two months before Petitioner was released from confinement. In addition, the Respondent drafted and filed two separate pleadings in this case while the Petitioner was still in confinement. The *Moore* decision does not apply to the facts of the instant case.

The statute providing for the Writ of Habeas Corpus is contained in the Code of Virginia in § 8.01-654, *et seq*. However, this Code section provides no particular light on the issue of jurisdiction in the instant case. On the facts of the instant case, the Code does not provide any clear answer. The decision in *Moore*, interpreting the Commonwealth's statutory *habeas* procedure, is dispositive under these facts.

As the instant Petition was instituted while the Petitioner was still in the custody of the Department of Corrections, this Court holds that it has subject matter jurisdiction to entertain the merits of the Petition. *See Moore*, 211 Va., at 120.

## II. *Merits of the Instant Petition*

The Petitioner raises two claims of ineffective assistance. First, that "Mr. Peluso did nothing to keep my rights alive." Second, that "Mr. Peluso and I had a conflict of how I should plead." Both these claims raised in the Petition may be denied and dismissed on the pleadings; (1) as there is no factual basis for these claims presented, but merely the unsupported averments of the Petitioner, *Penn v. Smyth*, 188 Va. 367, at 370-71 (1948); *Fitzgerald v. Bass*, 6 Va. App. 38, 366 S.E.2d 315 (1988), and (2) there is no way for the Petitioner to prevail under the error and prejudice standard of *Strickland v. Washington*, 466 U.S. 668 (1984), and (3) the Petition was filed beyond the statute of limitations period. Va. Code § 8.01-654(A)(2) (two years from final order of conviction). The Defendant was sentenced by this Court on July 14, 1999, and the Petition was filed on February 22, 2002. Thus, the Petition was filed roughly six months after the running of the limitations period.

Thus, the Court holds that the Petition is properly before the Court and the Petition fails on its merits. The Petition may be dismissed on the record,

without necessity of a plenary hearing. *See Darnell v. Peyton*, 208 Va. 675 (1968); Va. Code § 8.01-654(B)(4).