## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Jeannie M. Bertini

July 15, 2005

Case No. (Criminal) K106394

BY JUDGE STANLEY P. KLEIN

Petitioner, Jeannie M. Bertini, moves this Court to grant her credit towards the sentence imposed in the above-captioned matter, for time allegedly spent by Bertini in the Fairfax County Adult Detention Center awaiting trial. She asserts that she has not received the jail credit mandated by Va. Code § 53.1-187, as the time was mistakenly credited to suspended sentences imposed by a judge of the Fairfax County General District Court. After consideration of the argument presented and the applicable authorities, this court concludes that it is without jurisdiction to grant the relief requested, as decisions regarding credits towards sentences imposed by circuit courts rest solely within the discretion of the executive branch of the government.

### I. Background

On November 19, 2004, this court sentenced Bertini to thirty months in the penitentiary, with all but thirteen months suspended for a period of two years, upon Petitioner's release from the penitentiary. Pursuant to Va.

Code § 53.1-187, the court ordered that Petitioner be given credit for time spent in confinement awaiting trial.

Bertini now requests that this court order that the time she spent confined between July 18, 2004, and August 30, 2004, be credited towards the sentence imposed by this court. She contends that instead of crediting that time towards this court's sentence, as required by Va. Code § 53.1-187, the Department of Corrections has mistakenly applied the time towards suspended sentences imposed by a judge of the Fairfax County General District Court on August 30, 2004. Bertini asks this court to credit this time towards the "time the Petitioner is currently spending in Pocahontas Correctional Center."

## II. Analysis

There is no explicit authority governing whether a circuit court has jurisdiction, after sentencing, to order that the Department of Corrections apply credits towards a penitentiary sentence imposed by that court. However, both Virginia statutes and case law support the conclusion that the authority to impose such credits lies exclusively within the discretion of the Department of Corrections.

Each section of the Virginia Code which addresses credits towards sentences imposed by courts can be found within Title 53.1: Prisons and Other Methods of Correction, which governs matters relating to Virginia's system of corrections. Chapter 6, Article 4, of that Title is entitled Earned Sentence Credits for Persons Committed Upon Felony Offenses Committed on or after January 1, 1995. In Va. Code § 53.1-202.4 of that article, the General Assembly explicitly empowered the Board of Corrections to establish the criteria, bases, and requirements for the imposition and forfeiture of sentence credits. That section provides as follows:

The Board shall:

1. *Establish the criteria* upon which a person shall be deemed to have *earned sentence credits*;

2. *Establish the bases* upon which *earned sentence credits may be forfeited* . . .

*3. Establish the number of earned sentence credits* which will be forfeited for violations of . . .

*4. Establish such additional requirements* for the *earning of sentence credits* as may be deemed advisable and as are consistent with the purposes of this article.

Va. Code § 53.1-202.4 (emphasis added). The Supreme Court of Virginia addressed this statute in *Fishback v. Commonwealth*, 260 Va. 104, 532 S.E.2d 629 (2000). In *Fishback*, the Court recognized that "the Board of Corrections, pursuant to § 53.1-202.4 is required, among other things, to establish the criteria upon which a person shall be deemed to have earned or forfeited sentence credits." *Id.* at 114, 532 S.E.2d at 633.

Va. Code § 53.1-187 further supports the conclusion that authorized representatives of the corrections system, rather than the judiciary, determine the extent of credits to which an inmate may be entitled for time confined pre-trial. That code section states, in part that:

Any person who is sentenced to a term of confinement in a correctional facility *shall have deducted from any such term all time actually spent* by the person . . . in a state or local correctional facility awaiting trial or pending an appeal. . . .

*Id.* (emphasis added).

Implicit in the first paragraph of Va. Code § 53.1-187 is the recognition that, after a judge imposes a "term of confinement in a correctional facility," there subsequently shall be a deduction "from any such term" for all time spent prior to trial or pending appeal. The section later explicitly recognizes that, if a judge fails to order such a credit in the court's final order, the person sentenced "shall nevertheless receive [such a] credit. . . ." *Id.* The General Assembly obviously envisions that someone other than the sentencing judge may have to apply the statutorily mandated credit if the judge fails to reference this code section in the court's final order.

Conversely, Va. Code § 53.1-116 precludes a judge from granting sentence credits not authorized under Article 4, Chapter 6, of Title 53.1. Indeed, Va. Code § 53.1-116 declares that "so much of an order of any court contrary to the provisions of this section shall be deemed null and void." *Id.* (emphasis added). Hence, the statutory authority to grant sentence credits falls exclusively within the ambit of sections of the

Virginia Code governing the administration of the state's corrections facilities.

Practical considerations also inform a conclusion that post-sentencing decisions concerning sentence credits should be solely the responsibility of authorized personnel of the corrections system. It is not at all uncommon for an offender appearing for sentencing before a judge to then be facing multiple charges and/or serving sentences within or without the jurisdiction of a specific court. Indeed, an offender to be sentenced in Virginia may concurrently be awaiting trial or serving sentences in various jurisdictions within the Commonwealth, outside the Commonwealth, or in the Federal system. Consequently, it would be both unrealistic and inefficient to require each sentencing judge to not only obtain all pertinent records from each of the relevant courts but also to become familiar with all dates of transfer of the inmate from one correctional facility to another. If judges are required to make sentence credit determinations, inconsistent decisions could potentially be reached by different judges, whereby some inmates could erroneously be granted multiple credits for the same time frame while others are denied any credit whatsoever for time spent incarcerated pre-trial.

Here, Bertini requests that this court order that she be given credit towards this court's sentence for time confined before sentencing, which the Department of Corrections has concluded is properly credited towards two sentences imposed in the Fairfax County General District Court. As neither this judge, nor the judge of the General District Court maintains all of the records concerning the Petitioner's dates of arrest, release on bond, and sentences imposed in all three cases, inconsistent credit determinations for Bertini would be entirely feasible if the judges made the sentence credit determinations.

Moreover, no judge has records relating to possible additional earned credits to which an inmate may be entitled. *See* Va. Code § 53.1-202.4. The General Assembly has recognized the inefficiency and potential unfairness of a system whereby multiple judges would have to gather and synthesize all this information and has instead in Va. Code § 53.1-116(A) designated the jailer of all local correctional facilities as the repository for all of this information. That section provides in relevant part that:

> The jailer shall keep a (i) record describing each person committed to jail, the terms of confinement, for what offense or cause he was committed, and when received into jail; (ii)

record of each prisoner; and (iii) written policy for and conditions of earned credit in the facility.

*Id.* As a result of possessing all of the relevant information, that designee of the Department of Corrections can most accurately and readily determine all of the jail credit issues. It is therefore that individual who, in consultation with other personnel of the Department of Corrections, when appropriate, decides all sentence credit issues for a particular inmate.

This conclusion is further buttressed by fundamental principles governing the separation of powers in our country. Agents of the executive branch of government prosecute individuals, who, if convicted, are sentenced by members of the judicial branch, within the parameters established by the legislature. Once the judiciary imposes sentence, the executive branch must execute that sentence. As such, it is the personnel of the executive branch of government who must assure that each inmate is incarcerated in a manner consistent with the sentence imposed by a judge, as modified, if appropriate, by any statutory scheme of credits enacted by the legislative branch of government. As the executive branch bears the responsibility for the proper execution of a sentence imposed on an individual, it is entirely reasonable for the personnel of that governmental branch to be the initial arbiter of the existence and scope of all credits to be applied to the sentence. The power of the executive branch in making those decisions is not unchecked, however. The legislature has authorized the judiciary to issue a writ of habeas corpus in the event that an individual remains incarcerated beyond the proper limit of a sentence imposed. *See* Va. Code § 8.01-654; *Peyton v. Christian*, 208 Va. 105, 155 S.E.2d 335 (1967) (holding that Petitioner was entitled to time credit based upon petition for writ of habeas corpus alleging that all sentences had been fully served and that Petitioner was being illegally detained). It is solely in such separate habeas corpus proceedings that a court would have jurisdiction to determine the scope of credits to be applied to an individual's sentence.

### III. Conclusion

For the reasons set out above, this court concludes it is without jurisdiction to determine the issue of the claimed sentence credit, as this decision rests solely within the discretion of the Department of Corrections and its designees. This court further notes that, as more than twenty-one days have elapsed since it entered its sentencing order and the

Petitioner has been transferred to the Virginia Department of Corrections, this court no longer has jurisdiction to modify the sentence imposed. *See* Va. Code § 19.2-303. Accordingly, Bertini's Motion for Time Credit is denied.