**UNITED STATES of America,
Plaintiff,**

v.

**William B. TUNSTELL, also known as Chappie Tunstell, and Willie Knight, Defendants.**

**Crim. No. 10624.**

United States District Court
D. Hawaii.
March 22, 1961.

Louis B. Blissard, U. S. Atty., Honolulu, Hawaii, for plaintiff.

No attorneys for defendants.

TAVARES, Chief Judge.

In this case, petitioner, Willie Knight, one of the defendants named in the indictment in the above case, Criminal No. 10,624, was indicted along with codefendant William B. Tunstell, also known as Chappie Tunstell, on August 27, 1952, it being charged that they "did knowingly, wilfully, unlawfully and feloniously purchase, sell, dispense and distribute a salt, compound and derivative of opium, to wit, ten (10) capsules containing heroin which heroin was not then and there in the original stamped package and was not from the original stamped package, in violation of Section 2553(a) of Title 26, United States Code." Tunstell pleaded guilty and testified for the prosecution against petitioner Knight, who, on his plea of not guilty and after a jury-waived trial by the court, was found guilty of the charge and sentenced on January 22, 1953, to five years' imprisonment commencing January 23, 1953. Defendant Knight was represented by counsel of his own choosing. Apparently, no appeal was taken. Having procured a transcript of the testimony in this case, petitioner Knight filed his motion on January 30, 1961.

As this was the first case of its type ever handled by the undersigned, the matter has unfortunately been somewhat delayed while the Court studied the authorities rather carefully and, as a matter of precaution, studied the record and the transcript of proceedings along with the motion, which combines both a motion to vacate and a statement of alleged facts upon which the motion is based together with argument and authorities.

■ Section 2255 of Title 28, provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must cause notice to be served upon the United States attorney and grant a prompt hearing thereon, etc. The Court has not given formal notice to the U. S. attorney in this case and has not held a formal hearing on the motion, although the U. S. attorney has in fact been made aware of the motion and has informally indicated an intention to oppose the same if formally served with notice. Rather the Court has deemed it proper to decide this matter ex parte, because this case comes exactly within the statutory exception above quoted since the motion, files and records in this case do conclusively show that the prisoner is entitled to no relief.

■ First, the five-year sentence has already been completely served. Ordinarily this would make the matter moot, but, since, as disclosed by the record in Criminal No. 10,696, United States v. Knight, D.C., 127 F.Supp. 269, this petitioner Knight is still serving a sentence in the latter case set to run consecutively after serving the sentence in Criminal No. 10,624 (this case), the Court believes and finds that the petitioner has sufficient interest in setting aside the judgment in Criminal No. 10,624 if it is invalid, to maintain such a motion, if the motion is otherwise well taken. See United States v. Nickerson, D.C.Mass. 1954, 124 F.Supp. 35.

Now, going into the merits of the motion, a careful study of the same and the statements of alleged fact and law contained therein discloses that the petitioner makes substantially the following contentions:

That the package of heroin for the sale of which Knight was convicted, was not sufficiently proved and identified as having been in or come from the possession of defendant, and that "Therefore a reason(able) doubt exists as to the corpus delicti charged."

That there was insufficient identification of the defendant as the person in a car who threw out the package of heroin

picked up by codefendant Tunstell, who in turn delivered it to the Government agent.

That the codefendant's testimony was that of an "informer" and was mere "uncorroborated hearsay".

That the codefendant Tunstell's testimony was "tainted and unreliable", because induced by alleged illegal promises of immunity and leniency against Tunstell.

That the evidence was otherwise insufficient to convict, and that by reason of these alleged circumstances, the petitioner was unconstitutionally deprived of a fair trial and the court was therefore without jurisdiction to impose the sentence.

■ Claims of this type as to alleged insufficiency of the evidence to sustain a conviction, and as to errors involving the credibility of witnesses, are not matters upon which a judgment of conviction can be attacked collaterally and they cannot be availed of in a motion under Section 2255. Brule v. United States, 9 Cir., 1957, 240 F.2d 589; Wrightson v. United States, 1955, 95 U.S.App.D.C. 390, 222 F.2d 556; Howell v. United States, 4 Cir., 1949, 172 F.2d 213; Taylor v. United States, 4 Cir., 1949, 177 F.2d 194; Black v. United States, 9 Cir., 1959, 269 F.2d 38; Marshall v. United States, 6 Cir., 1954, 217 F.2d 467; Dockery v. United States, 4 Cir., 1956, 237 F.2d 518; United States v. Gallagher, 3 Cir., 1950, 183 F.2d 342.

■ Out of an abundance of caution, the Court has nevertheless carefully read the petitioner's motion and the entire transcript and record in this case, and all the records and files in Criminal No. 10,696. From all of these in Criminal No. 10,624 (and the records in Criminal No. 10,696 in no way shake or adversely affect this conclusion), it is clear, and the Court so finds, that none of the factual or legal contentions set forth in the motion can be sustained; rather, the contrary is clearly shown by the said transcript and records. Defendant had a fair trial with the assistance of counsel of his own choosing, and the Court held, upon testimony and evidence fully justifying its decision, that the defendant and his witnesses were unworthy of belief and that the testimony of the witnesses for the prosecution, insofar as any conflicts with that of defendant Knight and his witnesses were concerned, was entitled to full credence. No new facts are set forth in the motion that do not appear in the record and transcript, and the trial court expressly held the testimony of the allegedly "tainted and unreliable" witness and codefendant Tunstell to be entitled to full credence under the circumstances of the case.

Accordingly, the motion is denied.