Thomas Ribble TUCKER, Jr., Appellant,

v.

C. C. PEYTON, Superintendent of the Virginia State Penitentiary, Appellee.

No. 10246.

United States Court of Appeals Fourth Circuit.

Argued Jan. 6, 1966.

Decided Feb. 24, 1966.

**116**

Robert Gordon Smith, Richmond, Va. (Court-assigned counsel) [Battle, Neal, Harris, Minor & Williams, Charlottesville, Va., on brief], for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, and James Parker Jones, Asst. Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, J. SPENCER BELL, Circuit Judge, and ALGERNON L. BUTLER, District Judge.

HAYNSWORTH, Chief Judge:

■ In this habeas corpus proceeding, a Virginia state prisoner attacks sentences he has fully served without questioning the validity of the sentence under which, the Commonwealth contends, he is currently being held. His theory is that, if the earlier sentences were invalid, his commencement of service of subsequent sentences would be advanced, and that, if his subsequent custody is attributable to the valid sentences, he has fully served them. The District Court dismissed the petition without a hearing upon the ground that the prisoner had no standing to attack sentences he had completely served. We reverse for, if the prisoner can establish the factual predicate for his claim of invalidity of the earlier convictions, he is entitled to immediate release.

In Virginia's state courts Tucker was convicted in 1942 of grand larceny, in 1948 of grand larceny, and in 1956 of breaking and entering. Following the second conviction, he received an additional sentence as a recidivist, and a second recidivist conviction followed the third substantive offense conviction. In 1957, and again in 1960, Tucker escaped. Each time he was recaptured and convicted of escape. Each time an additional sentence was imposed upon him. Service of the first escape sentence was to commence at the expiration of the previously imposed recidivist sentence, while service of the second escape sentence was to commence upon expiration of the first escape sentence.

Tucker now attacks his 1942 conviction on the basis of claimed deprivation of counsel. Tucker had been discharged from the service of that sentence on August 16, 1942, but, if he can establish the invalidity of the 1942 conviction, the recidivist sentence imposed upon him as a third offender after his 1956 conviction must necessarily fall with it. If that be so, the only valid sentences under which Tucker could be held after 1956 are the one sentence of three years imposed upon him in 1956 for breaking and entering and the two subsequent

escape sentences. The aggregate of those sentences would have expired and Tucker would have been long since discharged but for the third offender recidivist sentence which substantially postponed commencement of service of the escape sentences.

While Tucker does not question the validity of the escape sentences and his attack is directed entirely to sentences which concededly have been fully served, the sentences he attacks are unquestionably a present burden upon him and a very heavy one. It is only because they are treated as valid that Virginia attributes his present custody to the escape sentences. If Virginia recognized the invalidity of the sentences under attack and adjusted her records accordingly, the escape sentences would have been fully served and Tucker would be entitled to be released.

■ In Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285, it was held that one on parole had standing to maintain a petition for a writ of habeas corpus attacking the judgment which was the basis of the requirement that he remain under supervision. In doing so, it declared the writ was "not now and never has been a static, narrow, formalistic remedy," 371 U.S. at 243, 83 S.Ct. at 377, but that it was adaptable to relieve anyone from a state's maintenance of wrongful restraints upon liberty. In keeping with the spirit of Jones v. Cunningham, we recently held in Martin v. Com. of Virginia, 4 Cir., 349 F.2d 781, that a prisoner could attack a sentence he had not yet begun to serve if, at the time, he would be eligible for parole if the questioned sentence were invalid. Petitions for the writ need not require adjudication of academic questions, but they should be readily entertained if directed to a conviction which currently substantially impinges upon the applicant's liberty. That is the plain teaching of Jones v. Cunningham and of our own decision in Martin.

Invocation of the general principle that habeas corpus may not be granted when the detention is presently under a valid sentence only begs the question. The question here is whether the state may sustain a present right to custody by attributing validity to a sentence which, by its motion to dismiss, it concedes was invalid. More specifically stated, the question is whether a state may justify postponement in service of a valid sentence on the basis of an earlier invalid one.

■ There is, of course, the historic principle that habeas corpus is not available unless the petitioner is entitled to be released immediately.[1] Among others, it has been held that a defendant in custody under a valid sentence may not question, in the habeas corpus jurisdiction, the validity of a subsequent sentence to be served consecutively.[2] It has also been held that a prisoner is not entitled to habeas corpus though nominally held under an invalid sentence if there is a valid sentence to be served consecutively, until he has remained in custody long enough to meet the service requirements

1. See e. g., McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238.

2. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Thomas v. Cunningham, 4 Cir., 313 F.2d 934, but, as noted above, this rule cannot be mechanically applied if the subsequent sentence makes the prisoner ineligible for parole, which, otherwise, might be granted. Martin v. Com. of Virginia, 4 Cir., 349 F.2d 781. Some state courts have expanded the reach of their habeas corpus writs to encompass any attack upon a sentence which, because of earlier convictions, is not then being served, without the qualification we expressed in Martin. See, e. g., Com. of Pennsylvania ex rel. Stevens v. Myers, 419 Pa. 1, 213 A.2d 613. This is a commendable adaptation of the common law writ to meet the practical needs of the times. Done with acknowledgment of our lead in Martin, the Supreme Court of Pennsylvania also recognized its greater freedom to relieve its common law powers of restrictive technicalities than ours to expand our statutory jurisdiction.

of the valid sentence.[3] If the latter application has current validity,[4] conjunction of Virginia's contention that he may not attack the earlier sentence when, nominally, he has begun service of the valid, subsequent sentence would leave many prisoners without a remedy. If consecutive sentences of equal length are imposed, the first invalid and the second valid, the prisoner should not be denied relief at the outset because of the subsequent valid sentence and denied relief later because, by then, he had formally begun service of the second valid sentence. In short, the general principle that an applicant for habeas corpus cannot succeed unless he is entitled to immediate release cannot be distorted to foreclose all remedies or to prevent judicial review of administrative inclusion of invalid sentences in the computation of sentence service.

Assuredly, the second application of the historic principle of immediate release entitlement we have mentioned, that one cannot attack an invalid conviction if the state would be warranted in maintaining continued custody under a consecutive, valid conviction, forecloses the contention that Tucker lost his rights by not acting earlier. He filed his petition a few days before the expiration of his allegedly invalid recidivist conviction. In the face of decisions that he had no standing to act earlier, he cannot be said to have voluntarily waived his rights in delaying until he did or lost them by laches.

What we have said largely eliminates the bases of suggested distinction of our recent decision in Thomas v. Cunningham, 4 Cir., 335 F.2d 67. Faced with a succession of short sentences, Thomas was entangled in the rules that he must attack the one under which he was being held, exhaust state remedies and bring his claim to ultimate federal determination before he entered upon administratively determined service of the next one. Under the circumstances of that case, we held that he could attack all of his sentences at once. The fact that short terminal sentences may be valid and unassailed is not an acceptable distinction of Thomas or a basis for denial of collateral testing of a conviction upon which the commencement in service of a valid terminal sentence is dependent, when the terminal sentence would have been served if the earlier ones were eliminated.

Virginia's alarms that one held under an invalid sentence may "bank time" which may permit him to commit subsequent crime with impunity is unjustified. No one suggests that Tucker should be given current credit for the time he served as a second offender recidivist. All that is involved is the computation of his obligation of service after 1956 with elimination of invalid sentences.

We hold only that if the third offender recidivist conviction is invalid, as is now conceded for purposes of this proceeding, service of the first escape sentence must be advanced to the expiration in service of the 1956 sentence for breaking and entering, but not earlier than the date of imposition of the escape sentence. Service of the second escape sentence would begin after service of the first, but not before the second was imposed.

We do think, and we do hold, that Virginia's administrative attribution of validity to the third offender recidivist conviction, with resultant postponement of the service beginning of the escape sentences, gives Tucker the right to attack in the habeas jurisdiction the recidivist conviction, when, if the assailed conviction had been recognized administratively as invalid, he would have fully discharged his obligation under the escape sentences and would be entitled to im-

3. Johnson v. Rhay, 9 Cir., 266 F.2d 530; Hunter v. Smyth, 4 Cir., 249 F.2d 651; Hoffman v. United States, 9 Cir., 244 F.2d 378.

4. We do not now decide that question, and certainly do not suggest inflexibility in its application.

mediate release. In this holding, we are not without precedent.[5]

If Tucker can establish the factual basis of his claim that the recidivist conviction is invalid, he is entitled to be released. The case must be remanded, however, for adjudication of the factual claim.

Reversed and remanded.

**5.** Russell v. United States, 9 Cir., 306 F. 2d 402; United States v. Tunstell, D.C., Hawaii, 196 F.Supp. 60; see also our own decision in Thomas v. Cunningham, 4 Cir., 335 F.2d 67, discussed in the text, above.