**Isaac REYNOLDS, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 66–C–97–A.**

United States District Court
W. D. Virginia,
Abingdon Division.

Sept. 16, 1967.

Reno S. Harp, III, Asst. Atty. Gen., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Isaac Reynolds, a state prisoner, filed pursuant to the provisions of 28 U.S.C. § 2241. The petition, filed in

forma pauperis, was ordered transferred to this court from the United States District Court for the Eastern District of Virginia on September 28, 1966.

Reynolds' petition attacks a judgment of the Circuit Court of Buchanan County, Virginia of February 4, 1955, sentencing him to four consecutive two-year terms of imprisonment. The petition alleges that Reynolds was the victim of an illegal arrest and a coerced confession and that his defense counsel had conferred with him for only a "few minutes" and without investigation before advising him to plead guilty. Reynolds brought a state habeas corpus action raising these same allegations. A plenary hearing was held in the Circuit Court of Buchanan County on January 14, 1966, and on March 30, 1966 the Circuit Court of Buchanan County entered an order dismissing the petition.

No appeal from this judgment was perfected. In his present petition, Reynolds maintains (1) that after the denial of his state petition he attempted to appeal the Buchanan County judgment, but that he was prevented from taking a timely appeal by the inaction of the trial court or his court appointed attorneys; and (2) that the decisions of the Virginia Supreme Court of Appeals foreclose any attempt to attack a completed sentence by way of state habeas corpus and consequently he should be excused from taking an appeal that would only prove futile.

On October 18, 1966 this court dismissed Reynolds' petition without prejudice on the grounds that no showing had been made that the petitioner had exhausted his state court remedies as required by 28 U.S.C. § 2254. Upon appeal from this decision the Court of Appeals for the Fourth Circuit in a Memorandum Decision[1] remanded the case with directions that this court call upon the state, with opportunity for the petitioner to reply, to supply information as to (1) the state of the law in Virginia as to Reynolds' ability under state habeas corpus to attack the fully served Buchanan County sentences; and (2) whether Reynolds was prevented from taking a timely appeal from ·the state habeas judgment by the inaction of state officials or his appointed attorney[2] and, if not, the availability of present appellate review. Upon receipt of this information, the Fourth Circuit advised, this court would then be in a position to decide whether the petitioner should still attempt a state appeal as a prerequisite to the consideration of the merits of his claim in the federal courts.

In response to the Fourth Circuit's inquiries, the respondent now says:

(1) The law in Virginia since Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966), is unsettled as to whether the petitioner can attack on habeas corpus the now completed sentences.

(2) The petitioner was advised by the Judge of the Circuit Court of

1. As was pointed out in the Fourth Circuit's Memorandum decision, one of petitioner Reynolds' future sentences is the result of a recidivist judgment, which appears to be based on the Buchanan County convictions. Under the rationale of Williams v. Peyton, 372 F.2d 216 (4th Cir. 1967) this court has jurisdiction to entertain an attack upon the recidivist sentence since it restricts Reynolds' chance of parole consideration. Thus the issue before the court is not one of jurisdiction but rather whether it is appropriate at this time for the court to exercise its jurisdiction in light of the exhaustion requirements of § 2254.

2. While it is generally true that under the exhaustion principle codified by 28 U.S.C. § 2254 a habeas petitioner's failure to utilize state appellate procedure precludes collateral relief in the federal courts if the alleged errors could have been corrected on appeal, this rule is not inflexible. Thomas v. Cunningham, 313 F.2d 934, 937 (1963). One important limitation on the exhaustion requirement exists where the habeas petitioner's attempts after a hearing to gain access to the appellate courts of the state have thwarted by acts and omissions of state officials. Ingram v. Peyton, 367 F.2d 933 (4th Cir. 1966). See also Brown v. Allen, 344 U.S. 443, 485-486, 73 S.Ct. 397, 97 L.Ed. 469 (1953).

 

Buchanan County by letter dated April 18, 1966 to contact his court appointed attorney who would perfect an appeal for him if he so desired. The petitioner never so contacted his court appointed attorney.

(3) It is possible that the petitioner could secure a delayed appeal in this matter by making appropriate motion before the Supreme Court of Appeals of Virginia, as that court has allowed delayed appeals in similar circumstances.

The petitioner, on the other hand, reiterates his claim that he mailed a notice of appeal to the state trial court on April 27, 1966 with a copy to his court assigned counsel and a copy to the Attorney General of Virginia. Petitioner insists that he has "verifications" of this attempt to appeal the state habeas judgment to the Virginia Supreme Court of Appeals.

■ In order to resolve this conflict the court is of the opinion that a plenary hearing should be held pursuant to the provisions of 28 U.S.C. § 2243.

If at the hearing the petitioner establishes his claim to the satisfaction of the court, the court will proceed to a determination of the merits of his case. Otherwise, the petition will be dismissed as premature, and the petitioner will be ordered to seek a delayed appeal by appropriate motion to the Supreme Court of Appeals of Virginia as a pre-requisite to the consideration of the merits of his claim by this court. Since there appears to be no recent decision of the Supreme Court of Appeals of Virginia on the subject of an attack by habeas corpus of a fully served sentence subsequent to the Fourth Circuit's decision in Tucker v. Peyton, supra, and since Reynolds states that he filed his petition while he was still serving the now completed sentences, it does not appear that such an appeal would necessarily prove futile.

For the reasons stated above, it is hereby adjudged and ordered that a hearing be held on the 8th day of the month of November 1967 for the purpose of determining whether Reynolds was prevented from taking a timely appeal from the state habeas judgment by the inaction of state officers or his court appointed attorney.

Pursuant to the authorization of 28 U.S.C. § 1915(d) the court hereby requests George C. Sutherland, Esquire, Grundy, Virginia, to represent petitioner Reynolds in this hearing as he is unable to employ counsel.

The court also requests respondent to prepare a transcript of the hearing held in the Circuit Court of Buchanan County upon Reynolds' petition for state habeas corpus and to have the same delivered to this court not later than fifteen days before the date of the above ordered evidentiary hearing.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.