**Robert BULLOCK, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 68–C–28–H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

April 15, 1969.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus by Robert Bullock, a state prisoner, filed pursuant to the provisions of 28 U.S.C. A. § 2241. The petition, filed *in forma pauperis*, was originally filed in the United States District Court for the Eastern District of Virginia and was ordered transferred to this court by order dated December 18, 1968.

Petitioner is currently serving a five year sentence in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court of Powhatan County of December 16, 1965, wherein he was convicted for the crime of malicious wounding. This sentence will expire on November 20, 1969.

The petition attacks a judgment of the Circuit Court of Augusta County, Virginia, of September 22, 1951, wherein the petitioner was convicted of grand larceny and sentenced to two years confinement in the State Penitentiary. This sentence expired on January 11, 1965. The petitioner contends that because he was denied his constitutional rights at his trial in Augusta County, the Commonwealth should now compensate him for its alleged wrong by allowing him credit on the sentence he is presently serving, thus resulting in an earlier discharge. As authority for his position the petitioner has cited Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968) and also Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966).

In the *Carafas* case, supra, the United States Supreme Court held that federal habeas corpus proceedings would not be defeated if an applicant, prior to a final adjudication of his petition, is released by reason of expiration of his sentence. In dealing with the question of mootness the Court overruled Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960). The Court said:

The substantial issue, however, which is posed by Parker v. Ellis is not mootness in the technical or constitutional sense, but whether the statute defining the habeas corpus jurisdiction of the federal judiciary in respect of persons in state custody is

available here. In Parker v. Ellis, as in the present case, petitioner's application *was filed in the Federal District Court when he was in state custody*, and in both the petitioner was unconditionally released from state custody before his case could be heard in this Court. For the reasons which we here summarize and which are stated at length in the dissenting opinions in Parker v. Ellis, we conclude that under the statutory scheme, *once the federal jurisdiction has attached in the District Court,* it is not defeated by the release of the petitioner prior to completion of proceedings on such application. Carafas v. La-Vallee, supra, 391 U.S. at 238, 88 S.Ct. at 1559.

This court is of the opinion that it lacks jurisdiction under the federal habeas corpus statutes inasmuch as the prisoner is not now serving the sentence that he attacks nor was such sentence being served at the time of the filing of the petition. It is true that the petitioner was in state custody at the time that the petition was filed, but that custody resulted from a conviction of the Powhatan County Court on December 16, 1965, which occurred approximately a year after the sentence now being attacked expired. To allow such an attack would allow a person to bank credit to use against validly imposed sentences in the future. The Augusta County conviction in no way affects the petitioner's present detention since it was completely served before the present sentence was imposed. No recidivist convictions affect the present conviction, nor according to the prison records are there any recidivist convictions to be served in the future. We do not believe that *Carafas,* supra, requires a contrary result, and hence we hold that this court lacks jurisdiction to hear this case.

Even were we to hold that this court has jurisdiction to consider the merits of the case, we could not grant the relief requested by the petitioner, specifically that his discharge date be advanced by two years by the removal of an invalid sentence. In Tucker v. Peyton, 357 F.2d 115, 118 (4th Cir. 1966), the court held:

> \* \* \* that if the third offender recidivist conviction is invalid, as is now conceded for purposes of this proceeding, service of the first escape sentence must be advanced to the expiration in service of the 1956 sentence for breaking and entering, *but not earlier than the date of imposition of the escape sentence.* Service of the second escape sentence would begin after service of the first, but not before the second was imposed. (Emphasis added)

Thus Tucker v. Peyton, supra, is inapplicable since the petitioner in that case attacked a fully served sentence that supported a recidivist conviction which prevented the petitioner's immediate release. If Tucker's recidivist's conviction would fall, the commencement of service received for two escape convictions would have been advanced, the result being that the escape conviction sentences would have been fully served and the petitioner released. In the present case there are no recidivist convictions involved with the immediate or future detention nor is there a question of mere advancement. To do what the petitioner requests and advance the commencement time on his present sentence would be to allow the commencement of service of the present sentence two years before it was imposed. This is not in accord with the holding of Tucker v. Peyton, supra.

For the foregoing reasons, it is adjudged and ordered that the petition be dismissed and the writ denied.

The clerk is directed to send copies of this opinion and judgment to the petitioner and to the respondent.