**Clifford E. RINGLEY, Petitioner,**

v.

**C. C. PEYTON (J. D. Cox), Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 68–C–20–A.

United States District Court,
W. D. Virginia,
Abingdon Division.
March 18, 1970.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by Clifford E. Ringley, a state prisoner, pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a term of sixty years in the Virginia State Penitentiary, following his conviction for robbery in the Circuit Court of Washington County on October 13, 1955. At his trial, petitioner was represented by counsel employed by his family. Petitioner waived his right to a jury trial and entered a plea of guilty.

Originally, this court denied and dismissed the petition by opinion entered May 23, 1968. By memorandum decision (April 9, 1969, No. 12,654) the United States Court of Appeals for the Fourth Circuit remanded the case to this court with instructions to retain the case for a reasonable time to permit Virginia the opportunity to allow an appeal. This court's judgment on the ineffective representation of counsel claim was affirmed, but the court was ordered to further consider, after the appeal was allowed, the question of credit for time served on a void sentence.

In conformity with the opinion of the Fourth Circuit, an attorney was appointed and an appeal was allowed. On January 19, 1970, the Virginia Supreme Court of Appeals affirmed the judgment of the Circuit Court of Washington County on petitioner's robbery conviction.

At the time the opinion was handed down by the Fourth Circuit, the rights on appeal in Virginia after a guilty plea had not been decided. The Fourth Circuit relied on Bryant v. Peyton, 270

F.Supp. 353 (W.D.Va.1967), for the law applicable. *Bryant* is now superseded by Peyton v. King, 210 Va. 194, 169 S.E.2d 569 (1969), which held that after a guilty plea, a defendant could appeal only on jurisdictional defects or because the sentence exceeded that authorized by law. It is clear that the granting of this limited right to appeal does not contravene the United States Constitution. In McKane v. Durston, 153 U.S. 684, 14 S.Ct. 913, 38 L.Ed. 867 (1894), the Supreme Court held that appellate review is in itself not required by the Fourteenth Amendment. It follows that the state can limit the questions to be heard on appellate review. The only requirement is that the appellate review as given must conform to due process of law. This would require in part that the defendant, after a guilty plea, be informed of his limited right to appeal and that an attorney be appointed to perfect this appeal if he be indigent. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963); Nelson v. Peyton, 415 F.2d 1154 (4th Cir. 1969). However, see St. Clair v. Cox, 312 F.Supp. 168, today decided by this court, for the effect of the failure in either instance.

■ While the appeal allowed was not as broad as that contemplated by the Fourth Circuit, petitioner was given an appeal which conformed with Virginia law and with the due process clause of the Fourteenth Amendment. In a per curiam opinion, the Virginia Supreme Court of Appeals gave its reasons for refusing a writ of error and supersedeas to petitioner's conviction by the Circuit Court of Washington County on October 13, 1955. The court considered the petitioner's limited appeal rights and determined that "the petitioner has raised no jurisdictional questions and the sentence of which he complains is within the range fixed by law." The record also contains an order, entered on the same day of the per curiam opinion, which clearly shows that the appeal was granted and that no reversible error was found.

This court is now required to consider whether petitioner should be credited for time served on a void sentence. Petitioner was convicted on October 6, 1955 for murder and sentenced to 99 years imprisonment. Seven days later on October 13, 1955, he was convicted for robbery and sentenced to 60 years imprisonment. Both convictions arose in the Circuit Court of Washington County. On December 16, 1966, the murder conviction was declared null and void. The prison records as of February 12, 1967, show that petitioner was not given credit for the time, approximately 11 years, served on the void murder conviction.

Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966), held that the state may not justify postponement in the service of a valid sentence on the basis of an earlier invalid one. *Tucker* cannot be limited to its exact facts; while *Tucker* involved a recidivist conviction, the rationale is equally applicable to this and other similar cases.

■ Petitioner's 60 year robbery sentence was postponed until December 12, 1966, when the murder conviction was declared void. Petitioner must be credited with all of the time he served on the murder conviction which postponed the service on the robbery sentence; therefore, service on the robbery sentence will be deemed to have commenced on the date of the robbery conviction, October 13, 1955. The decision today, while based on *Tucker*, is not contra to the law of Virginia. See Peyton v. Christian, 208 Va. 105, 155 S.E.2d 335 (1968).

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The respondent is hereby ordered to credit petitioner, in conformity with this opinion, for the time served on the void murder conviction.

The clerk is directed to certify copies of this opinion and judgment to the petititioner and to the respondent.