Norris CARR, Petitioner,

v.

J. D. COX, Superintendent, Virginia State
Penitentiary, Respondent.

Civ. A. No. 70–C–3–C.

United States District Court,
W. D. Virginia,
Charlottesville Division.

April 1, 1970.

Reno S. Harp, III, Asst. Atty. Gen.,
Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Norris Carr, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was transferred to this court by order filed February 2, 1970.

Petitioner attacks a sentence of 2½ years imposed on him by the Corporation Court of the City of Charlottesville, on April 7, 1966, for breaking and entering. Petitioner, represented by court-appointed counsel, entered a plea of not guilty and was tried by a jury. Petitioner is currently serving five years on a recidivous conviction.

No appeal was taken from the breaking and entering conviction. On March 9, 1967, Carr filed a petition for a writ of habeas corpus in the Corporation Court of Charlottesville. After an attorney was appointed to represent petitioner, the court held a plenary hearing and denied the writ on October 31, 1967. This judgment was affirmed by the Virginia Supreme Court of Appeals on April 24, 1968. Having presented the current claims to the highest court in the state, petitioner has exhausted his available state remedies in compliance with 28 U.S.C. § 2254. Petitioner may attack this fully served sentence because the recidivous conviction is founded thereon. See Tucker v. Peyton, 357 F. 2d 115 (4th Cir. 1966).

Petitioner alleges two grounds for relief in his present petition. First, he alleges that the police illegally searched his mother's home, when he

was arrested there. The court finds it difficult to understand what constitutional error petitioner complains of. Petitioner admits in his petition that nothing was found by or as a result of this search. An illegal search in and of itself does not require reversal of petitioner's conviction. Petitioner must demonstrate that evidence obtained as a result of this illegal search was used to secure a conviction at his trial. See Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). Further, the testimony given at the hearing was sufficient to show that the police did in fact have a warrant to search the house and a warrant for the arrest of petitioner.

 Petitioner also contends that he was interrogated without being informed of his rights. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694 (1966), is applicable only to persons whose trials had not begun as of June 13, 1966. Johnson v. New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). Petitioner was convicted on April 7, 1966, and therefore the police were not required to give petitioner the *Miranda* warnings. The evidence does, however, disclose that petitioner was given a number of warnings. Further, petitioner has not alleged and the record does not disclose that any statements he made were involuntary for any other reason. Petitioner has not alleged in his petition any constitutional violations of his rights.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order, or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to certify copies of this opinion and judgment to the petitioner and to the respondent.