**Everett N. JOHNSON, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**No. 70-C-10-C.**

United States District Court,
W. D. Virginia,
Charlottesville Division.

Aug. 3, 1970.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c) (3). The petition was filed *in forma pauperis* on May 5, 1970, in the United States District

Court for the Eastern District of Virginia at Richmond which ordered the case transferred to this court.

On August 13, 1962, petitioner was convicted after a not guilty plea in the Circuit Court of Culpeper County on two counts of escape and in the Circuit Court of Fauquier County for auto larceny. Prior to the attempted robbery conviction, petitioner had been convicted of the unauthorized use of a tractor. He has been subject to the recidivist provisions of Va.Code Ann. § 53–296 (Repl.Vol.1967) on the basis of the convictions for unauthorized use of a tractor, attempted robbery, and auto larceny and has received increased sentences for the second and third convictions respectively. Therefore he received recidivist sentences for both second and third convictions on the basis of the 1962 attempted robbery conviction. The petitioner is currently serving time under the auto larceny conviction and will not begin serving under the recidivist sentence until February 12, 1971. Originally four months of the second conviction sentence were suspended during good behavior but this suspension was revoked at the third conviction recidivist proceeding. That period is now scheduled to be served at the conclusion of the other recidivist sentence. Petitioner prays to be relieved of the recidivist sentences to be served in the future.

Petitioner alleges that his 1962 conviction was constitutionally defective in that he was denied his right to effective counsel and that he was not adequately informed of his rights to a grand jury and to a jury trial. He has presented his claims to the Circuit Court of Nelson County which granted him a plenary hearing but denied the writ of habeas corpus by final decision entered June 12, 1969. The Supreme Court of Appeals of Virginia denied a writ of error to the appeal from the circuit court's decision. Therefore, petitioner has met the requirements of 28 U.S.C. § 2254 by exhausting his state remedies.

On reading of the transcript of the hearing given petitioner in the Circuit Court of Nelson County, the following undisputed facts appear:

The alleged crime took place on August 4, 1962. The petitioner was arrested the next day and underwent a preliminary hearing on August 9, 1962, without representation by counsel and at which he entered a plea of not guilty. On August 13 an attorney was appointed to represent him at the trial which was held on the same day. Attorney and client conferred for no longer than fifteen minutes and then the attorney talked with police officers but did not question the alleged victim. Although the petitioner was unable to read at that time, he signed a written waiver of indictment by a grand jury. On the same day and after a plea of not guilty, he was tried, convicted, and sentenced to a five year term by the court sitting without a jury.

Although the petitioner has fully served the sentence meted out in the conviction under consideration here, such conviction does serve as a necessary element of the third conviction sentence, which he will be required to serve in the future. Therefore, this court has jurisdiction to hear the petition. Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968). Respondent does not contest this point.

In the past several years the United States Court of Appeals for the Fourth Circuit has considered a number of habeas corpus cases alleging ineffective representation by counsel. Out of these cases has arisen the proposition that late appointment and lack of preparation of counsel "are inherently prejudicial, and a mere showing of them constitutes a *prima facie* case of denial of effective assistance of counsel, so that the burden of proving lack of prejudice is shifted to the state." Twiford v. Peyton, 372 F.2d 670, 673 (1967).

Several cases have pointed out that it is no reflection on the ability of counsel to observe that an appointment to defend a person to be tried on a felony charge that same day does not generally accord the attorney adequate time to

prepare the case and reflect on possible avenues of investigation or defense.

> (W)hen the initial consultation between a court-appointed attorney and his client occurs only a short time before trial, '(n)ormally, in the absence of clear proof that no prejudice resulted, we should be obliged to treat the lawyer's representation as inadequate and the trial as falling short of the standards of due process guaranteed by the Fourteenth Amendment.'

Martin v. Commonwealth of Virginia, 365 F.2d 549, 552 (1966), quoting in part from Turner v. State of Maryland, 318 F.2d 852, 854 (1966). *See* Bryant v. Peyton, 270 F.Supp. 353 (W.D.Va. 1967).

■ The standards required of attorneys appointed to defend indigent defendants have been stated:

> Counsel for an indigent defendant should be appointed promptly. Counsel should be afforded a reasonable opportunity to prepare to defend an accused. Counsel must confer with his client without undue delay and as often as necessary, to advise him of his rights and to elicit matters of defense or to ascertain that potential defenses are unavailable. Counsel must conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed, and to allow himself enough time for reflection and preparation for trial. An omission or failure to abide by these requirements constitutes a denial of effective representation of counsel unless the state, on which is cast the burden of proof once a violation of these precepts is shown, can establish lack of prejudice thereby.

Coles v. Peyton, 389 F.2d 224, 226 (4th Cir.), cert. denied, 393 U.S. 849, 89 S.Ct. 80, 21 L.Ed.2d 120 (1968).

■ It is unclear from a reading of these cases whether a showing by the petitioner of appointment of counsel on the day of trial creates a presumption of ineffective representation which casts upon the state the burden of going forward with evidence of no prejudice, *see* Pedicord v. Swenson, 304 F.Supp. 393, 399 (W.D.Mo.1969), or whether the existence of such fact is a showing of ineffective representation *per se* which the state can negate only by a clear showing that no prejudice resulted to the prisoner. It appears to be the latter. *See* Coles v. Peyton, 389 F.2d 224, 230 (Craven, J., dissenting). Whether the respondent has the burden of going forward with the evidence or the heavier burden of persuasion, it is sufficient for this case to note that the respondent has made no showing of lack of prejudice to the defendant. *Compare* Smith v. Cox, 307 F.Supp. 773 (W.D.Va.1969). Therefore this court finds that the petitioner is entitled to habeas corpus relief.

The judgment of the court is that the 1962 attempted robbery conviction must fall because petitioner's counsel did not have adequate time to prepare for trial and there has been no showing that prejudice to the petitioner did not result. Since the 1962 conviction was relied on for both the second and third conviction recidivist sentences, the petitioner is relieved from these sentences to be served in the future. It appears to the court from an examination of the petitioner's prison record that he has served approximately 5 months and 10 days under the second conviction recidivist sentence but that this time was not served until after the admittedly valid escape and auto larceny convictions were imposed. Therefore, petitioner should receive credit for time served for this approximately 5 month and 10 day period. Tucker v. Peyton, 357 F.2d 115 (4th Cir. 1966). *See* also Bullock v. Peyton, 299 F.Supp. 936 (W.D.Va.1969). Of course nothing decided herein is to be interpreted as precluding the Commonwealth from again trying the petitioner on the 1962 attempted robbery charged. Similarly, if the Commonwealth decides not to retry the 1962 conviction voided

here, there appears to be no reason why it cannot impose a new second conviction recidivist sentence on the basis of the two other felonies considered in the prior recidivist proceedings. The clerk is directed to send a certified copy of this opinion both to the petitioner and the respondent.