**Robert Lee THACKER, Appellant,**

v.

**Sam P. GARRISON, Warden, Central Prison, Raleigh, N.C. and State of North Carolina, Appellees.**

**No. 74–1518.**

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1975.

Decided Oct. 6, 1975.

Stuart Stiller, Washington, D. C., Scott N. Fein [third-year law student] (Sherman L. Cohn, Washington, D. C. [court-appointed counsel], on brief), for appellant.

Richard N. League, Asst. Atty. Gen. (Rufus L. Edmisten, Atty. Gen. of North Carolina, on brief), for appellees.

Before CLARK* United States Supreme Court Justice, Retired, HAYNSWORTH, Chief Judge, and FIELD, Circuit Judge.

PER CURIAM:

Robert Lee Thacker, a North Carolina prisoner, seeks a certificate of probable cause to appeal the district court's denial of his petition for habeas corpus.

Briefly stated, the factual background is as follows. Thacker was arrested on March 10, 1971, and charged with two counts of assault. He was tried in the

* Sitting by designation.

state court, and on June 21, 1971, was found guilty of both charges and received a sentence of nine to ten years in Case No. 71–CR–12806 and two years in Case No. 71–CR–12807. Thacker was committed to the State Department of Correction on June 23, 1971, to begin service of the nine- to ten-year sentence, with service of the two-year sentence to commence upon his completion of the longer sentence.

Thacker appealed both of these convictions and on June 26, 1972, the Supreme Court of North Carolina affirmed the conviction in Case No. 12807 (the two-year sentence), but reversed in Case No. 12806 (the nine- to ten-year sentence) and remanded for a new trial. *State v. Thacker,* 281 N.C. 447, 189 S.E.2d 145 (1972). Incident to its disposition of the appeals, the court directed that Thacker's commitment be adjusted as follows:

"Inasmuch as the valid judgment of imprisonment for two years in Case No. 71–CR–12807 (Pierce) was specified to begin at the termination of the nine- to ten-year sentence imposed in Case No. 71–CR–12806 (Waddell), which is now vacated, Case No. 71–CR–12807 (Pierce) must be remanded to the Superior Court of Wake County to the end that the judgment may be modified so as to provide that the two-year sentence shall commence on the date defendant began serving the nine- to ten-year sentence in the Waddell case. The effect will be, and it is so intended, that defendant will receive credit in the Pierce case for all time heretofore served on the now vacated nine- to ten-year sentence in the Waddell case. A revised commitment shall issue accordingly. If defendant is again convicted in the Waddell case the sentence imposed therein may run consecutively or concurrently with the time remaining to be served in the Pierce case, as the court in its discretion may determine." 189 S.E.2d at 152.

Pursuant to the remand Case No. 12806 was retried and Thacker was found guilty. Upon this conviction he again received a nine- to ten-year sentence with the provision, however, that service thereof should commence upon Thacker's completion of the two-year sentence in Case No. 12807. Service of that sentence was completed on August 27, 1972, and, accordingly, on that date Thacker began serving the sentence imposed in Case No. 12806.

In his petition for habeas corpus Thacker claims that the time which he spent in service of his original nine- to ten-year sentence in Case No. 12806 must be credited against his present sentence on that charge. Support for his claim, he contends, is found in *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) and particularly the statement of the Court in that case "that the constitutional guarantee against multiple punishments for the same offense absolutely requires that punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense."

While a literal reading of this language would appear to support Thacker's position, we find it inapposite for two reasons. First, this observation of the Court in *Pearce* was not made in the context of convictions on multiple charges such as we have in the present case but was addressed solely to the question of credit for sentences imposed for a single offense. Second, the action of the Supreme Court of North Carolina in adjusting Thacker's commitment clearly places this case outside the ambit of *Pearce,* for since all of the time originally served by Thacker was credited against his two-year sentence, nothing remains to be applied against the sentence in Case No. 12806. This adjustment of Thacker's commitments accords with the rationale of our decision in *Tucker v. Peyton,* 357 F.2d 115 (4 Cir. 1966), where we held that a state must credit the sentences remaining to be served on the valid conviction with the time served under a voided conviction. In *Miller v. Cox,* 443 F.2d 1019, 1021 (4 Cir. 1971), we adverted to our decision in *Tucker* and observed:

"Common sense and fundamental fairness require that under such circumstances the state should not ignore the period of imprisonment under the invalid sentence when an appropriate remedy is so readily available."

In our opinion this same "common sense and fundamental fairness" calls for rejection of the argument that Thacker should receive double credit for the time served on his original sentence in Case No. 12806.

Accordingly, while a certificate of probable cause is granted, the action of the district court in denying Thacker's petition is affirmed.

Affirmed.