**Lincoln HEARD, Petitioner,**

v.

**Arnold R. JAGO, Superintendent, Respondent.**

**No. C–1–78–809.**

United States District Court, S. D. Ohio, W. D.

Nov. 3, 1980.

Supplemental Opinion March 13, 1981.

Lincoln Heard, pro se.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent.

## MEMORANDUM AND ORDER

DAVID S. PORTER, District Judge.

### MEMORANDUM

This is a habeas corpus case. Respondent says that as Superintendent of the Southern Ohio Correctional Facility he has custody of petitioner, Lincoln Heard, pursuant to an entry of conviction and sentence issued by the Cuyahoga Court of Common Pleas, Ohio.

Petitioner was indicted by the January, 1976 Term of the Cuyahoga County Grand Jury for one (1) count of aggravated robbery in violation of Section 2911.01, one (1) count of kidnapping in violation of Section 2905.01, one (1) count of grand theft in violation of Section 2913.02, and one (1) count of carrying a concealed weapon in violation of Section 2923.12, all in violation of the Ohio Revised Code. Following a trial by jury, petitioner was found guilty as charged, of all counts in the indictment. Petitioner received a total sentence of fifteen (15) years to fifty-five (55) years. *State v. Heard*, No. CR23794 (Cuyahoga County Court of Common Pleas, 1976).

It should also be noted that petitioner was on parole at the time the present crimes were committed, thereby elevating his present sentence an extra ten (10) to twenty-five (25) years, due to a previous conviction for armed robbery. Petitioner is

presently serving a total sentence of twenty-five (25) to eighty (80) years imprisonment in the Southern Ohio Correctional Facility.

Petitioner is now before the Court seeking a writ of habeas corpus. In support of his application, petitioner makes the following claims:

1. Judgment of the trial court is contrary to law in that the defendant was convicted of aggravated robbery and lesser included offense of grand theft.

2. Judgment of the court finding defendant guilty of C.C.W. [carrying a concealed weapon] is against the weight of the evidence and contrary to law.

3. Trial court abused its discretion and committed prejudicial error in improperly restricting defendant's inquiry into pretrial line-up.

4. Judgment of the court finding defendant guilty of kidnapping is against the manifest weight of the evidence and contrary to law.

■ Petitioner's first claim is that he has been subjected to double jeopardy. He claims that he has been convicted of two separate counts that amount to but one offense. The Double Jeopardy Clause allows multiple prosecutions based on a single criminal transaction as long as the statutory offenses involved are not the same. *Brown v. Ohio*, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). Under the traditional test, offenses are sufficiently different to allow separate prosecutions if each requires proof of a statutory element that the other does not. *Blockburger v. United States*, 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932). Under Ohio law aggravated robbery involves "attempting or committing a theft offense . . . or . . . fleeing immediately after such offense . . . [while having] a deadly weapon or dangerous ordinance . . . on or about his person or under his control." Ohio Rev.Code § 2911.01(A)(1).

■ A "theft offense" is defined by section 2913.01(K) as a violation or a conspiracy or attempt to violate any of several specified Ohio statutes or equivalent provisions of lesser political subdivisions or of the United States. Thus, there can be no robbery conviction in Ohio without the concurrence of some underlying theft offense. There cannot be a conviction of both aggravated robbery and grand theft rising out of a single incident without violation of the double jeopardy provision of the Constitution. *See State v. Harris*, 58 Ohio St.2d 257, 389 N.E.2d 1121 (1979) (robbery, grand theft); *State v. Nelson*, 51 Ohio App.2d 31, 365 N.E.2d 1268 (1977) (robbery, petty theft).

■ To avoid this clear implication, the respondent here argues that the petitioner committed two separate offenses: a robbery ending when the petitioner and his accomplice took $30 from the complainant's purse at gun point and the grand theft consisting of the taking of the complainant's automobile. Petitioner and his accomplice accosted the complainant as she was entering her car. They ordered her to move to the passenger side and to hand her purse to petitioner in the rear seat. After taking complainant's money from her purse, the two men released her from the car and drove away (tr. 98–102). Under these circumstances, we cannot say that the taking of the money and the taking of the car were two separate incidents anymore than robbing a jewelry store of its cash and a case of diamonds would be. Certainly the jury was not instructed to treat these as separate (tr. 274–75, 276–77), nor was the indictment of robbery limited to a taking of money (see appendix to return). Both referred only to commission of a "theft offense." We hold therefore, that petitioner's conviction of grand theft together with the conviction of robbery violated the double jeopardy provision of the Fifth Amendment.

■ Grounds 2 and 4 of the petition, as to whether petitioner's conviction is supported by sufficient evidence, were briefed by respondent before the Supreme Court's decision in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), which now controls. The Court there held that the question which we must decide is whether a rational trier of fact, viewing all the evidence in the light most favorable to the state, could have found guilt beyond a reasonable doubt. *Accord, Speigner v. Jago*, 603 F.2d 1208 (6th Cir. 1979) *cert. denied*, 444 U.S. 1076, 100 S.Ct. 1023, 62 L.Ed.2d 758 (1980).

Therefore, respondent is directed to file a supplemental Return of Writ, citing those

pages of the trial transcript upon which respondent relies to establish that there was sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. This supplemental Return of Writ must be filed within thirty (30) days of the date of this Memorandum and Order. Petitioner thereafter shall have thirty (30) days in which to file a reply memorandum. Any additional transcript which is necessary for us to decide this claim shall be filed as soon as practicable.

■ We reject respondent's contention that the petitioner failed to exhaust available state remedies as to ground 4. Petitioner has asserted that the issue was raised on his appeal by a supplemental brief filed on March 28, 1977 (*see* doc. 5), but even if it was not, petitioner has now no practicable recourse to state remedies after his direct appeal terminated. *See, Keener v. Ridenour*, 594 F.2d 581 (6th Cir. 1979).

■ Petitioner's third ground for relief is that the trial court abused its discretion and committed prejudicial error in improperly cutting off all inquiry by the petitioner into a pretrial line-up. Instead the trial court substituted, at the instance of the defense attorneys and over the objection of the prosecutor, an in-court line-up consisting of petitioner, his alleged accomplice, and a brother of each of them (tr. 3–22). This was done out of the presence of the jury. After the complainant correctly, and without hesitation, identified petitioner, petitioner's attorney attempted to cross-examine her in regard to an earlier police line-up in the hope of exposing a suggestive procedure. This line of questioning was immediately cut off by the trial judge as contrary to the agreement of petitioner's attorney to accept as final the Judge's conclusion as to the validity of the identification from the in-court line-up (tr. 17–18). Although this procedure leaves the record devoid of any information as to whether the in-court, pretrial identification was itself tainted by the prior police identification procedures, we cannot ignore the fact that petitioner was afforded the very procedure he himself requested. Where identification testimony is excluded, it is excluded upon due process grounds. *See Manson v. Brathwaite*, 432 U.S. 98, 113, 97 S.Ct. 2243, 2252, 53 L.Ed.2d 140 (1977); *Jackson v. Jago*, 556 F.2d 807 (6th Cir.), *cert. denied,* 434 U.S. 940, 98 S.Ct. 433, 54 L.Ed.2d 300 (1977); *Webb v. Havener*, 549 F.2d 1081 (6th Cir.), *cert. denied sub nom. Jago v. Webb*, 434 U.S. 873, 98 S.Ct. 220, 54 L.Ed.2d 153 (1977). Where, as here, the trial court went out of its way to allow an accused an extraordinary procedure requested by the accused and the accused agreed to forego regular procedure in lieu of that requested, we cannot say that due process has been denied. We therefore reject petitioner's third ground for relief.

## ORDER

For the foregoing reasons, the Court makes the following orders. Petitioner's first ground for relief is found to be meritorious. We therefore declare that the judgment of conviction of grand theft, only, is unconstitutional because that conviction together with the conviction of robbery violates the double jeopardy provision of the Fifth Amendment. Petitioner's third ground for relief is unmeritorious and is accordingly rejected. As to grounds 2 and 4, we direct the respondent to file a supplemental return of writ, as heretofore discussed, regarding petitioner's sufficiency of the evidence claims. The supplemental return must be filed within thirty (30) days of the date of this order. Petitioner shall thereafter have an additional thirty (30) days within which he may file a reply memorandum.

The Court does not anticipate that respondent will require any additional transcript to prepare its return. However, if an additional transcript is needed, the Court will entertain a motion for enlargement of time.

So ordered.

## SUPPLEMENTAL OPINION

The facts concerning the petitioner's indictment, conviction and sentence are set forth in detail in our memorandum and

order of November 3, 1980 (doc. 7), in which we disposed of all but two of petitioner's alleged grounds for relief. As to those grounds we ordered respondent to supplement the return of writ. The supplement ordered has been produced and petitioner has responded. The case is therefore ripe for determination.

Both of petitioner's remaining alleged grounds for relief are couched in terms of sufficiency of the evidence. Nevertheless, it appears that petitioner is claiming, with regard to his kidnapping conviction, that there is no evidence of asportation other than that necessarily incidental to the robbery for which petitioner was convicted. (Actually, petitioner claims that the only crime he committed was grand theft, but this appears to be a misunderstanding of our previous ruling in which we upheld his robbery conviction, but declared that his conviction for grand theft constituted double jeopardy.)

■ With regard to sufficiency of evidence challenges, the standard by which we are governed is whether a rational trier of fact, viewing all the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *accord, Speigner v. Jago,* 603 F.2d 1208 (6th Cir. 1979), *cert. denied,* 444 U.S. 1076, 100 S.Ct. 1023, 62 L.Ed.2d 758 (1980). Applying this standard to the case at bar, we find that petitioner's claim of insufficiency must be rejected as to both his kidnapping conviction and his conviction for carrying a concealed weapon. The evidence upon which petitioner was convicted is more than ample to justify a rational trier in finding guilt beyond a reasonable doubt.

We will first address the conviction of kidnapping. Ohio Rev.Code § 2905.01 defines kidnapping: "(A) No person, by force, threat, or deception ... shall remove another from the place where he is found ... for any of the following purposes: ... (2) to facilitate the commission of any felony ...." This is the portion of the statute upon which petitioner's jury was instructed.

The evidence in support of petitioner's conviction is as follows. The victim testified that petitioner and a codefendant, both armed with handguns, forced their way into her car (tr. 93, 96–97, 100). While the codefendant drove, petitioner sat in the back seat pointing a gun at the victim and rifled the victim's purse (tr. 93, 98, 100–01). The victim was restrained in her automobile while the robbers drove for approximately five minutes at which time she was released some distance from where they had accosted her (tr. 99, 102). The victim's testimony was corroborated by the capture later that day of petitioner and his codefendant in the victim's car with two similar handguns (tr. 96–97, 100, 172–78).

The presence of the weapons and the fact that they were pointed at the victim certainly supplies the threat or force elements of kidnapping. The fact that the victim was forced to accompany petitioner and his codefendant in her car constituted "knowingly removing her from the place where she was found." Finally, it is clear that the removal of the victim was for the purpose of facilitating the robbery, a felony under Ohio law. *See,* Ohio Rev.Code § 2911.01. There can be no doubt that if this testimony is believed, a rational trier of fact could find petitioner guilty beyond a reasonable doubt of kidnapping. Insofar as sufficiency of the evidence is concerned, petitioner's fourth alleged ground for relief is rejected.

■ Fairly read, however, petitioner's challenge to his kidnapping conviction raises another issue that the acts for which he has been convicted could amount to but one crime, that being aggravated robbery, and that the movement of his victim incident thereto cannot also be the basis of a separate conviction for kidnapping. This allegation does not raise an issue of double jeopardy because the charges of aggravated robbery and of kidnapping have, when examined from the vantage point of the petitioner's case, each at least one element not in common with the other. Each requires proof of an evidentiary fact not required by the other. *See Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980);

*Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Blockburger v. United States*, 284 U.S. 299, 302, 52 S.Ct. 180, 181, 76 L.Ed. 306 (1932); *Pandelli v. United States*, 635 F.2d 533 (6th Cir. 1980). With regard to petitioner's robbery conviction, he was charged with a forcible taking of property; with regard to his kidnapping conviction he was charged with a forcible removal of a person from one place to another. For double jeopardy purposes, there is no overlap between these two charges.

 Insofar as petitioner alleges that the two crimes should be merged because involving related acts, he raises a matter of state law, *see* Ohio Rev.Code § 2941.25, resolved against him in the state courts. This state law question is not cognizable in federal habeas corpus. *Bell v. Arn*, 536 F.2d 123 (6th Cir. 1976); *see Rose v. Hodges*, 423 U.S. 19, 96 S.Ct. 175, 46 L.Ed.2d 162 (1975). It is not the function of federal habeas corpus to act as a mechanism of appeal from the state court. *Reese v. Cardwell*, 410 F.2d 1125–26 (6th Cir. 1959). A district court's consideration of a habeas petition is in no sense an appeal, and we may interfere with a state's interpretation of its own laws only where that interpretation is so fully irrational as to be violative of due process. *See, Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir. 1976). Accordingly, relief from petitioner's kidnapping conviction is denied.

In his second ground for relief, petitioner challenges the sufficiency of evidence supporting his conviction for carrying a concealed weapon. He asserts the evidence did not establish that he knowingly had the weapon involved in this charge. Ohio Revised Code § 2923.12 provides that "no person shall knowingly have . . . concealed ready at hand any deadly weapon or dangerous ordinance." Section 2901.22(B) provides that "a person acts knowingly . . . when he is aware that his conduct will probably be of a certain nature."

The evidence on this charge is as follows. The victim testified that the petitioner had been armed with a small black gun during the kidnapping and robbery (tr. 100). At trial, she identified State's Ex. No. 2, a .38 calibre revolver, as "similar" to the weapon petitioner had carried (tr. 100). When petitioner was arrested at the wheel of the victim's stolen automobile later in the same day, police recovered State's Ex. No. 2 from under the driver's seat where petitioner was sitting (tr. 176–77). The weapon was not visible at the time the car was stopped (tr. 177–78). The gun was loaded with five rounds of ammunition (tr. 177–78).

From this evidence a rational trier of fact could infer that the petitioner was aware that the revolver was concealed ready at hand under his seat. It was within easy reach of petitioner there, and it was concealed from view. The jury was entitled to disbelieve the testimony of petitioner's codefendant that he had placed the weapon there and that petitioner did not know it was there (*see* tr. 226). This was especially so since petitioner and his codefendant were apparently together from the time the victim's automobile was taken until their apprehension by police that evening (*see* tr. 221–27). We are required to view the evidence in light most favorable to the State. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *accord, Speigner v. Jago*, 603 F.2d 1208 (6th Cir. 1979), *cert. denied*, 444 U.S. 1076, 100 S.Ct. 1023, 62 L.Ed.2d 758 (1980). Accordingly, petitioner's second ground for relief is denied.

## ORDER

For the foregoing reasons, and for the reasons set forth in our memorandum opinion of November 3, 1980 (doc. 7), the Court makes the following orders.

Petitioner's second, third, and fourth grounds for relief are unmeritorious and are accordingly rejected. Petitioner's convictions of robbery, kidnapping, and carrying a concealed weapon stand.

 Petitioner's first ground for relief is found to be meritorious. Petitioner's conviction of grand theft, together with a robbery conviction for the same act, is hereby declared to have been an unconstitutional

168

violation of the Double Jeopardy Clause of the Fifth Amendment. The judgment and sentence upon petitioner's grand theft conviction were beyond the authority of the State trial court to enter, and are accordingly void. *See Hans Nielsen*, 131 U.S. 176, 190, 9 S.Ct. 672, 677, 33 L.Ed. 118 (1889). Immediate release from custody would be inappropriate here because continued custody is lawful under the remaining convictions. Nevertheless, a habeas corpus petitioner is "in custody," for the purpose of our authority to grant the writ, under any one of consecutive sentences he is serving. *Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 19 L.Ed.2d 822 (1968). Accordingly, we may order that the writ be granted with a limited effect. *United States v. Rundle*, 317 F.Supp. 1378 (E.D.Pa.1970). Petitioner is hereby relieved from the sentence upon his grand theft conviction to be served in the future. *See Johnson v. Cox*, 315 F.Supp. 875 (W.D.Va.1970). Finally, respondent is ordered to strike the grand theft conviction from the administrative records and henceforth to hold petitioner for service of the valid convictions only. *See Rowe v. Peyton*, 383 F.2d 709 (4th Cir. 1967), *affirmed*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 420 (1968).

So ordered.